UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Michael DiMauro,

                Plaintiff,

– against–

Mullooly, Jeffrey, Rooney & Flynn, LLP,

                Defendant(s).

**COMPLAINT**

---

Plaintiff MICHAEL DIMAURO, by and through his attorneys, Law Office of Stuart D. Werbin, complaining of the Defendant, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Venue is properly in this Court under 28 U.S.C. §§ 1391(b)(1), (b)(2) and (b)(3), because the Defendant resides in this judicial district, a substantial part of the events giving rise to the claim occurred in this judicial district, and Defendant is subject to this Court's personal jurisdiction with respect to this action.

## PARTIES

3. Plaintiff, Michael DiMauro, is an adult residing in West Babylon, NY.

4. Defendant Mullooly, Jeffrey, Rooney & Flynn, LLP is a law firm regularly engaged in the business of collecting debts in this State with its principal place of business located at 6851 Jericho Turnpike, Ste. 220, Syosset, NY 11791. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendant Mullooly, Jeffrey, Rooney & Flynn, LLP attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Bank of America.

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. Defendant sent Plaintiff's debt settlement company, S.J. Packman & Associates, an initial validation letter dated November 7, 2014.

10. This letter stated the following: "If you or your client notify this firm within thirty (30) days after your receipt of this letter that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment, if any, and mail a copy of such judgment or verification to you or your client."

11. This language violates the FDCPA, which requires that the initial validation notice contain a statement that if the consumer notifies the debt collector **<u>in writing</u>** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

12. Thus, this letter failed to state that the consumer must dispute the debt in writing in order to obtain verification, in violation of the FDCPA.  The letter's language would mislead the least sophisticated consumer into assuming that a dispute could be made orally in order to receive verification, when in fact only a written dispute can elicit verification.

13. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

16. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## CLAIMS FOR RELIEF
(Fair Debt Collection Practices Act)

17. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 16 herein.

18. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

19. Defendant violated provisions of the FDCPA, including, but not limited to, the following:

20. The FDCPA § 1692g(a)(4) mandates that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

21. Section 1692g(b) further provides that if the consumer notifies the debt collector in writing that the debt is disputed, the debt collector must cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt, and a copy of such verification is mailed to the consumer by the debt collector.

22. Defendant failed to include the statutory language that the debt must be disputed in writing by the consumer in order to obtain verification of the debt, in violation of the FDCPA.  The least sophisticated consumer would incorrectly assume that he or she need only make an oral dispute in order to receive verification of the debt, whereas the statute clearly states that the debt must be disputed in writing in order to receive verification.

23. The above violations of § 1692g are also violations of § 1692e(10), as the least sophisticated consumer would be misled as to his or her ability to respond to or dispute collection.

24. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment in the sum of $10,000.00 be entered against Defendant as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

Dated: January 7, 2015
Brooklyn, New York

**Law Office of Stuart D. Werbin**

By: /s/ *Stuart Werbin*
Stuart D. Werbin, Esq.
920 E. 17th St., Ste. 519
Brooklyn, NY 11230
Tel (646) 942-7464
Fax (347) 763-9408
swerbin@werbinlaw.com
*Attorneys for Plaintiff*